FILED
CHARLOTTE, NC
JUL 10 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Max Alarcon | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:24 cv 644-FDW ) |
| Revco Solutions, Inc. | ) ) |
| Defendant, | ) **JURY TRIAL DEMANDED** ) ) ) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Max Alarcon, an individual consumer, against Defendant, Revco Solutions, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331.

3. Venue in this District is proper in that the Defendants principal address is in Jacksonville, FL

## III. PARTIES

4. Plaintiff Max Alarcon (hereinafter "Plaintiff") is a natural person residing in Charlotte, NC.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Plaintiff's alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal use.

7. Revco Solutions, Inc. is a Florida corporation whose registered agent is CORPORATION SERVICE COMPANY 1201 HAYS STREET TALLAHASSEE, FL 32301-2525 with the principal place of business is located at 7016 A.C. Skinner Pkwy Suite 160 JACKSONVILLE, FL 32256. Defendant Revco Solutions, Inc. is engaged in the collection of debt from

consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Revco Solutions Inc.

9. Defendant Revco Solutions, Inc. (hereinafter referred to as "Revco" or "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

10. Upon information and belief, on a date better known by Debt Collector, Debt Collector began to attempt to collect an alleged consumer debt from Plaintiff.

11. On or about January 27, 2024, Plaintiff reviewed his credit report on Annualcreditreport.com & CreditKarma.com.

12. On the credit report, Plaintiff observed a trade line from Revco.

13. Specifically, Revco furnished information to Transunion about a trade line. One in the amount of $911 allegedly owed to Medic Mecklenburg EMS Agency

14. On or about February 27, 2024, Plaintiff made a dispute with Revco via telephone.

15. Plaintiff re-checked their consumer report on or about May 6, 2024, and the debt collector information was not marked disputed. See **Exhibit A**.

16. Defendant has had subsequent communication with Transunion regarding Plaintiff's account but failed to notify them that the account had been disputed by the consumer.

17. Revco's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish, and damage to FICO scores.

18. Plaintiff has suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of Revco.

19. Revco violated 15 U.S. Code 1692e(8) for not communicating that the Plaintiffs disputed the debt.

## V. FIRST CLAIM FOR RELIEF
### Violations Of 15 U.S.C 1692e(8) –
### False, Deceptive, Or Misleading Collection Actions

20. Plaintiff re-alleges and reincorporates paragraphs 1-20 as if fully set out herein.

21. The Debt Collector – Revco's violations of the FDCPA include, but are not limited to, the following:

    (a) Revco violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Plaintiff.

22. Because Plaintiff disputed the debt Revco, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not

have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.").

23. Revco violated Plaintiff's right not to be the target of misleading debt collection communications.

24. Revco violated Plaintiff's right to a truthful and fair debt collection process.

25. Revco's communications with Plaintiff were deceptive and misleading.

26. Revco used unfair and unconscionable means to attempt to collect the alleged debt.

27. Revco's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Revco's collection efforts.

28. Revco's failure to mark the debt as disputed that it knows or should have known is disputed violates § 1692e, 1692e(8) of the FDCPA.

29. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional distress, and acute embarrassment.

30. As a result of the above violations of the FDCPA, Defendant Revco is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Max Alarcon respectfully prays that this Honorable Court:

A. Declares that the actions of Revco Solutions, Inc. violated the FDCPA.

B. Enters Judgment in favor of Plaintiff and against Defendant for violating the FDCPA for:

    i. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

    ii. Statutory damages pursuant to 15 U.S.C 1692k(2);

    iii. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

    iv. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Max Alarcon
5050 Navy St, Apt 106
Charlotte NC 28269
Maxalarcon12@mail.com

*[signature]*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Max Alarcon

## DEFENDANTS
Revco Solutions, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692e(8)

Brief description of cause:
Failed to mark account as disputed

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 25,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____